SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JILL M. PIETRINI (Cal. Bar No. 138335)
  jpietrini@sheppardmullin.com
PAUL A. BOST (Cal. Bar No. 261531)
  pbost@sheppardmullin.com
BENJAMIN O. AIGBOBOH (Cal. Bar No. 268531)
  baigboboh@sheppardmullin.com
BRIDGET J. RUSSELL (Cal. Bar No. 288107)
  brussell@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:    310.228.3700
Facsimile:    310.228.3701

Attorneys for Plaintiff and Counter-Defendant
Just Goods, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JUST GOODS, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JUST, INC., F/K/A/ HAMPTON CREEK, INC., a Delaware corporation, et al.,<br><br>　　　　　Defendants.<br><br>AND COUNTERCLAIMS. | Case No. 18-cv-02198-WHO<br><br>**PLAINTIFF AND COUNTER-DEFENDANT JUST GOODS, INC.'S NOTICE OF MOTION AND MOTION TO EXCLUDE AND/OR STRIKE THE EXPERT REPORT AND TESTIMONY OF JEFFREY A. HANDELMAN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:　　June 26, 2019<br>Hearing Time:　　2:00 p.m.<br>Courtroom:　　　2 |

# NOTICE OF MOTION

TO THE HONORABLE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 26, 2019, at 2:00 p.m. or thereafter as the matter may be heard, in Courtroom 2, 17th Floor, of the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable William H. Orrick presiding, plaintiff and counter-defendant Just Goods, Inc. ("Just Goods" or "JGI") will and hereby does move to exclude and/or strike that part of the expert report and testimony of Defendants' proffered "rebuttal" expert, Jeffrey A. Handelman ("Mr. Handelman") pertaining to his opinion on an ultimate issue in this case. Mr. Handelman was designated by defendant and counterclaimant Just, Inc. f/k/a Hampton Creek, Inc.'s ("Hampton Creek") and defendant Joshua Tetrick's (collectively "Defendants") as a rebuttal expert on issues relating to the U.S. Patent & Trademark Office ("PTO"), the standards for assessing an alleged bona fide intent to use a trademark at the time an application is filed, and whether Just Goods had a bona fide intent to use JUST for all of the goods identified in its Class 29 and Class 30 trademark applications when they were filed. (Pietrini Decl., Ex. A[1], pp. 1-2.) As to the later point, Mr. Handelman opines that Just Goods did not have a bona fide intent to use the trademark JUST on all of the goods in its Class 29 and Class 30 applications at the time of filing. Defendants rely upon Mr. Handelman's report in their motion for summary judgment to support their argument that JGI's Class 29 and Class 30 registrations are void *ab initio.* (Dkt. 74, pp. 6, 10-11, 22-23.)

Mr. Handelman's report is not a rebuttal report under Federal Rule of Civil Procedure ("FRCP") 26 because it is not directed to the opinions offered by Just Goods' PTO expert, Daniel

---

[1] Mr. Handelman's report is attached as Exhibit A to the Declaration of Jill Pietrini ("Pietrini Decl.") filed concurrently herewith.

1  M. Cislo ("Mr. Cislo"), but at matters outside the scope of Mr. Cislo's report[2].  As such, it is an
2  untimely direct expert report and should be excluded and/or stricken under FRCP Rules 26 and 37
3  for that reason alone.  The report should also be excluded and/or stricken under Federal Rule of
4  Evidence ("FRE") 702 because it consists of Mr. Handelman's improper recitation of substantive
5  legal issues, analysis of those issues, and ultimate legal conclusions.
6        This motion is based on this Notice of Motion, the Memorandum of Points & Authorities
7  herein, the papers and pleadings on file, and any such additional papers and arguments as may be
8  presented at or before a hearing on this matter.

9        Respectfully submitted,

10        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

11
12  Dated:  May 17, 2019      By  /s/Bridget J. Russell
      Jill M. Pietrini
13        Paul A. Bost
      Benjamin O. Aigboboh
14        Bridget J. Russell

15        Attorneys for Plaintiff and Counter-Defendant
      JUST GOODS, INC.
16
17
18
19
20
21
22
23
24
25
26
27

28  [2]    Mr. Cislo's report is attached as Exhibit B to the Pietrini Decl.

Case No. 18-cv-02198-WHO
Plaintiff's Motion to Exclude the Expert Report and Testimony of Jeffrey A. Handelman

# TABLE OF CONTENTS

Page

I.   INTRODUCTION AND BACKGROUND ..................................................................1

II.  THE COURT SHOULD EXCLUDE AND/OR STRIKE A SUBSTANTIAL PART
     OF MR. HANDELMAN'S REPORT AND RELATED TESTIMONY ...............................3

     A.   Mr. Handelman's Report is Not a Rebuttal Report ......................................3

     B.   Mr. Handelman's Report Should be Excluded and/or Stricken as Untimely.............6

     C.   Mr. Handelman's Report Improperly Provides an Opinion on an Ultimate
          Legal Issue in this Case ................................................................7

III. CONCLUSION ............................................................................10

# TABLE OF AUTHORITIES

Page(s)

Cases

*American Cruise Lines, Inc. v. HMS Am. Queen Steamboat Co., LLC*
    2017 WL 3528606 (D. Del. Aug. 16, 2017) ...............................................................10

*Chaffey Joint Union High Sch. Dist. v. Fieldturf USA, Inc.*
    2017 WL 3049567 (C.D. Cal. Mar. 10, 2017) .........................................................4, 5

*Daly v. Fesco Agencies NA Inc.*
    108 F. App'x 476 (9th Cir. 2004)..............................................................................3, 6

*Daubert v. Merrel Dow Pharm.*
    509 U.S. 579 (1993) ......................................................................................................8

*Ellis v. Costco Wholesale Corp.*
    657 F.3d 970 (9th Cir. 2011).........................................................................................8

*Fed. Trade Comm'n v. Qualcomm Inc.*
    2018 WL 6522134 (N.D. Cal. Dec. 11, 2018) ..............................................................3

*Fireman's Fund Ins. Cos. v. Alaskan Pride Partnership*
    106 F.3d 1465 (9th Cir. 1997).......................................................................................9

*FTC v. Innovative Designs, Inc.*
    2018 WL 3611510 (W.D. Pa. July 27, 2018)............................................................3, 6

*Hernandez ex rel. Telles–Hernandez v. Sutter Med. Ctr. of Santa Rosa*
    2008 WL 2156987 (N.D. Cal. May 20, 2008) ..............................................................6

*Int'l Bus. Machines Corp. v. Fasco Indus., Inc.*
    1995 WL 115421 (N.D. Cal. Mar. 15, 1995) ............................................................3, 6

*Kumho Tire Co. v. Carmichael*
    526 U.S. 137 (1999) ......................................................................................................8

*Nationwide Transport Finance v. Cass Information Systems, Inc.*
    523 F.3d 1051 (9th Cir. 2008).......................................................................................9

*Obrey v. Johnson*
    400 F.3d 691 (9th Cir. 2005).........................................................................................8

*Pinal Creek Group v. Newmont Mining Corp.*
    352 F.Supp.2d 1037 (D. Ariz. 2005).............................................................................9

*United States v. Baca*
    610 F. Supp.2d 1203 (E.D. Cal. 2009)..........................................................................9

*Vu v. McNeil-PPC, Inc.*
 2010 WL 2179882 (C.D. Cal. May 7, 2010) ............................................................................. 5

*Williams v. Lockheed Martin Corp.*
 2011 WL 2200631 (S.D. Cal. June 2, 2011) ............................................................................ 8

*Wong v. Regents of University of California*
 410 F.3d 1052 (9th Cir. 2005) .................................................................................................. 7

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*
 259 F.3d 1101 (9th Cir. 2001) ............................................................................................. 6, 7

Statutes

Lanham Act .................................................................................................................... 1, 9, 10

Other Authorities

FRCP 26 .................................................................................................................... 3, 5, 6, 7

FRCP 37 ............................................................................................................................... 6

FRE 702 ............................................................................................................................ 7, 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND BACKGROUND

Just Goods designated Mr. Cislo as its affirmative expert witness regarding the requirements, procedures, policies, and practices of the PTO and the PTO's Trademark Trial and Appeal Board ("TTAB"). Defendants designated Mr. Handelman in "rebuttal."

Mr. Cislo's report is primarily directed to an explanation of the relevant requirements, procedures, policies, and practices of the PTO and TTAB as they relate to trademark prosecution and opposition proceedings (collectively "PTO Procedures"). (Pietrini Decl., Ex. B, ¶ 2.) Mr. Cislo's report also opines as to whether the applications filed by Just Goods and Hampton Creek were *facially* compliant with PTO Procedures, and confirms that certain actions that Defendants have insinuated denote fraud on the part of Just Goods are routine and acceptable PTO practices in trademark prosecution and/or permitted by applicable PTO rules or the Lanham Act. (*Id.* at ¶ 89-92.) Mr. Cislo's report does not offer an opinion regarding whether, under substantive trademark law, Just Goods had a bona fide intent to use the JUST trademark for any or all of the goods identified in its Class 29 and Class 30 applications at the time it filed them. (Pietrini Decl., Ex. B.)

Mr. Handelman's report responds to some of Mr. Cislo's explanation of the PTO Procedures, and agrees with most of Mr. Cislo's opinions on the identified PTO Procedures. (Pietrini Decl., Ex. A, pp. 6-7 & 11-16 & and Ex. C[3], 148:15-170:6.) Mr. Handelman's report does not rebut that Just Goods' Class 29 and Class 30 applications were facially compliant with PTO Procedures or what Mr. Cislo categorizes as routine trademark prosecution practices. Instead, the focus of Mr. Handelman's report is Mr. Handelman's: (1) in-depth summary of the legislative history of the Lanham Act, substantive principles of trademark law, and case law relating to the standards for assessing a bona fide intent to use when trademark applications are filed; (2) Mr. Handelman's application of that legislative history and those legal principles and cases to the facts in this case; and (3) Mr. Handelman's ultimate conclusion that based on his application of the law

---

[3]   Excerpts of Mr. Handelman's deposition are attached as Exhibit C to the Pietrini Decl.

to the facts, Just Goods did not have a bona fide intent to use JUST for all of the goods in its Class 29 and Class 30 applications when they were filed.  (Pietrini Decl., Ex. A, pp. 3, 29-37.)

Mr. Handelman's report is blatantly outside the scope of evidence permitted on rebuttal.  If Defendants wanted to present expert testimony on the ultimate issue of whether Just Goods had a bona fide intent to use for all stated goods (even though that is improper), they were required to designate Mr. Handelman as an affirmative expert by the initial expert disclosure deadline.  Having not done so, Mr. Handelman had to limit his report to a rebuttal of the specific opinions stated in Mr. Cislo's report.  Mr. Handelman's report went well beyond Mr. Cislo's report and opined on an ultimate issue on which Mr. Cislo did not make any conclusions.  Because his report is not offered in rebuttal to Mr. Cislo's report, it is an untimely affirmative expert report and should be excluded and/or stricken for this reason alone.

More importantly, Mr. Handelman's report as to Just Goods' bona fide intent to use is not a proper subject for expert testimony.  It usurps the Court's exclusive role of instructing the fact-finder as to the applicable law, and makes the decision for the fact-finder.  Mr. Handelman's report does not even attempt to assist the fact-finder in deciding the issues in this case, but instead explicitly tells the fact-finder what result it should reach as to an ultimate issue of law.  This is improper, and that part of Mr. Handelman's report opining on the issue of bona fide intent to use, including his citation and analysis of the law relating thereto, should be excluded and/or stricken for this reason as well.

For these reasons, Just Goods requests that the Court exclude and/or strike the part of the Handelman Report and his related testimony concerning the law applicable to determining whether an applicant had a bona fide intent to use, and Mr. Handelman's conclusions that Just Goods did not have a bona fide intent to use JUST on all goods (or any of them) stated in its Class 29 and Class 30 applications.

\\\
\\\
\\\
\\\

## II. THE COURT SHOULD EXCLUDE AND/OR STRIKE A SUBSTANTIAL PART OF MR. HANDELMAN'S REPORT AND RELATED TESTIMONY

### A. Mr. Handelman's Report is Not a Rebuttal Report

FRCP 26 governs the disclosure of expert testimony.  Pursuant to FRCP 26(a)(2)(A), parties must disclose any person who they may call as an expert witness during trial, and provide a report of his opinions and their basis.  FRCP 26(a)(2)(B).  The court directs the timing and sequence of expert disclosures, but generally rebuttal expert reports are due thirty days after the opposing party's expert disclosure.  FRCP 26(a)(2)(C).  Here, the deadline for the designation of expert witnesses was February 20, 2019, with rebuttal reports due on March 20, 2019[4].  (Dkt. No. 65.)  Both Just Goods and Defendants made affirmative expert designations in accordance with that deadline.  Relevant here, Just Goods designated Mr. Cislo as an expert regarding PTO Procedures.  (Pietrini Decl., Ex. A.)  On March 27, 2019, Defendants designated Mr. Handelman in rebuttal to Mr. Cislo.  However, Mr. Handelman's report does not rebut Mr. Cislo's report.

A rebuttal expert "does not receive *carte blanche* to address the broad subject matter of the case." *Fed. Trade Comm'n v. Qualcomm Inc.*, 2018 WL 6522134, at *4 (N.D. Cal. Dec. 11, 2018) (internal citation omitted).  Instead, FRCP 26(a)(2)(C) defines rebuttal experts as presenting "evidence [that] is intended solely to contradict or rebut evidence on the same subject matter identified' by an initial expert witness."  Rebuttal reports that do not "respond[] directly to claims made by" the expert they are rebutting, do not present "rebuttal evidence as defined by 26(a)(2)." *Daly v. Fesco Agencies NA Inc.*, 108 F. App'x 476, 480 (9th Cir. 2004); *accord FTC v. Innovative Designs, Inc.*, 2018 WL 3611510, at *3 (W.D. Pa. July 27, 2018) ("[E]xpert reports that simply address the same general subject matter as a previously-submitted report, but do not directly contradict or rebut the actual contents of that prior report, do not qualify as proper rebuttal or reply reports.").  In other words, "'rebuttal' experts cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts." *Int'l Bus. Machines Corp. v. Fasco Indus., Inc.*, 1995 WL 115421, at *3 (N.D. Cal. Mar. 15, 1995).

---

[4]  The parties stipulated to continue the deadline for rebuttal expert reports to March 27, 2019 because of a death in the family of one of Defendants' counsel.

Evaluating whether an expert witness has submitted a legitimate rebuttal report poses "a more procedural than substantive" question. *Chaffey Joint Union High Sch. Dist. v. Fieldturf USA, Inc.*, 2017 WL 3049567, at *1 (C.D. Cal. Mar. 10, 2017) (citation omitted). "In performing this analysis, the court 'does not ask whether the designating party has designated a rebuttal expert whose opinions have probative value or even whether they will be admissible at trial,' but focuses on (1) the evidence the rebuttal expert purports to contradict or rebut; (2) whether the rebuttal evidence is on the same subject matter as the opposing expert's report; and (3) whether the rebuttal evidence is intended solely to rebut or contradict the opposing expert's evidence." *Id.* Here, Mr. Handelman's report (1) does not explicitly state what portions of Mr. Cislo's report it is rebutting, (2) concerns a much broader subject matter than Mr. Cislo's report, and (3) does not directly contradict or rebut the contents of Mr. Cislo's report.

First, Mr. Handelman's 37 page report only mentions Mr. Cislo's report *four times*. Mr. Handelman states that he was hired to "rebut the expert report submitted by Daniel M. Cislo." (Pietrini Decl., Ex. A, p.1.) He notes that "Mr. Cislo mentions in his report … that the parties in this case were involved in a prior opposition proceeding before the TTAB." (*Id.* at p.7.) And he references twice that his opinion regarding Just Goods' bona fide intent to use is based on Mr. Cislo's report. (*Id.* at p.30.) However, none of these mentions involves an attempt to rebut or contradict the opinions or evidence submitted in Mr. Cislo's report. Obviously, stating that his report is in rebuttal to Mr. Cislo's report does not make so. Similarly, noting that Mr. Cislo said something in his report is not an attempt to contradict or rebut that statement. Mr. Handelman's report merely adds to Mr. Cislo's statement that the parties were involved in a TTAB proceeding by noting that "the proceeding was dismissed without prejudice before any discovery was taken", and "[t]he issue of bona fide intent was not raised or decided in that prior opposition." (*Id.* at p.7-8.) Mr. Cislo's report never claimed anything to the contrary. (Pietrini Decl., Ex. B, ¶ 69.) Finally, Mr. Handelman's throwaway references to Mr. Cislo's report as providing a basis for his conclusion that Just Goods did not have a bona fide intent to use are not rebuttal in nature. They are a disconnect because Mr. Cislo's report does not address whether Just Goods had a bona fide

1  intent to use the mark JUST.  Thus, there is no particular evidence or opinion in Mr. Cislo's report
2  that Mr. Handelman purports to rebut.
3     Second, Mr. Handelman's report does not cover the same subject matter as Mr. Cislo's
4  report.  Mr. Cislo's report takes the reader through the procedures for trademark prosecution at the
5  PTO and opposition and PTO appellate proceedings before the TTAB.  Mr. Cislo then opines that
6  there was nothing abnormal about Just Goods' filing of intent to use applications covering multiple
7  goods in a class, having its attorney sign its applications, seeking five extensions of time to file its
8  statements of use, waiting until the final deadline to file its statements of use, or deleting several
9  goods from its applications when it filed its statements of use.  (Pietrini Decl., Ex. B at ¶¶ 21, 38,
10 62 80, 89, & 90.)  Mr. Cislo confirms that these are all normal and routine practices in trademark
11 prosecution and compliant with PTO Procedures.  (*Id.*)  Mr. Handelman analyzes the Lanham
12 Act's legislative history, recites the purportedly substantive applicable law regarding whether a
13 party has a bona fide intent to use, and evaluates the testimony of Just Goods' witnesses to form an
14 opinion as to an ultimate legal issue not addressed by Mr. Cislo – namely whether Just Goods had a
15 bona fide intent to use JUST at the time of filing its applications.  (Pietrini Decl., Ex. A, pp. 5-6, 8-
16 10, 12, & 29-37.)  In fact, this opinion is the *only* opinion Mr. Handelman provides in his
17 "Summary of Opinions," "Findings and Opinions," and "Conclusion."  (*Id.* at pp. 3, 29-37.)
18    The subject matter of Mr. Cislo's report cannot be "read broadly to encompass" Mr.
19 Handelman's legal analysis of and proffered opinion as to Just Goods' bona fide intent to use.  *Vu*
20 *v. McNeil-PPC, Inc.*, 2010 WL 2179882, at *3 (C.D. Cal. May 7, 2010) ("If the phrase 'same
21 subject matter' is read broadly to encompass any possible topic that relates to the subject matter at
22 issue, it will blur the distinction between 'affirmative expert' and 'rebuttal expert.'  More
23 importantly, such broad reading of Rule 26(a)(2)(C)(ii) will render the scope of the subject matter
24 limitless and will lead to unjust results….").
25    Finally, even if Mr. Handelman's report is found to address the same subject matter as Mr.
26 Cislo's, it does not actually rebut or contradict Mr. Cislo's report.  Specifically, Mr. Handelman
27 admitted in his deposition that Mr. Cislo's recitation of the PTO Procedures (apart from some
28 additional background Mr. Handelman states he would include) is accurate.  (Pietrini Decl., Ex. C.,

148:15-170:6.)  Thus, while Mr. Handelman explains many of the same PTO Procedures in his own language, in so doing he does not "directly contradict or rebut the actual contents" of Mr. Cislo's report.  *Innovative Designs, Inc.*, 2018 WL 3611510, at *3; *see also Daly*, 108 F. App'x at 480.  Mr. Handelman's report likewise does not rebut or contradict Mr. Cislo's opinion that the PTO Procedures that Mr. Cislo outlined are normal and routine practices in trademark prosecution.  Instead, Mr. Handelman states what he perceives to be the law relating to whether an applicant has a bona fide intent to use, and then applies that law to the facts stated in certain depositions of Just Goods' witnesses and certain documents produced or served by Just Goods.  Mr. Handelman's conclusion after that application of law to facts is that Just Goods lacked a bona fide intent to use the JUST trademark on all identified goods when it filed its Class 29 and Class 30 applications.  (Pietrini Decl, Ex. A, pp. 3, 29-37.)   But, this is <u>not</u> a theory addressed by Mr. Cislo's report, and thus it cannot be offered by Mr. Handelman in his rebuttal report.  *Int'l Bus. Machines Corp.*, 1995 WL 115421, at *3.

In short, Mr. Handelman's report does not purport to or actually rebut or contradict the subject matter of Mr. Cislo's report.  Instead, the report details Mr. Handelman's affirmative opinion that Just Goods lacked a bona fide intent to use the mark JUST for all goods at the time the Class 29 and Class 30 applications were filed.

**B.     Mr. Handelman's Report Should be Excluded and/or Stricken as Untimely**

FRCP 37(c)(1) gives "teeth" to the above requirements by providing that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  *See also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  In addition to or instead of this sanction, the court may "prohibit[] the disobedient party . . . from introducing designated matters in evidence."  FRCP 37(b)(2)(A)(ii).  The moving party bears the burden of showing a discovery violation has occurred.  *See Hernandez ex rel. Telles–Hernandez v. Sutter Med. Ctr. of Santa Rosa*, 2008 WL 2156987, at *13 (N.D. Cal. May 20, 2008).  Once that burden is satisfied, the burden

shifts and the nonmoving party must prove that its failure to comply with FRCP 26 was either justified or harmless. *Yeti by Molly*, 259 F.3d at 1107.

Here, because Mr. Handelman's report is not a proper rebuttal report, as detailed above, it is by definition an untimely affirmative report, and Defendants have violated FRCP 26 by failing to timely disclose it. Mr. Handelman's report should be excluded because it is neither "substantially justified" nor "harmless."

Defendants' untimely expert witness designation has prejudiced Just Goods, and therefore is harmful. As the Ninth Circuit has recognized, courts enter scheduling orders "to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Wong v. Regents of University of California*, 410 F.3d 1052, 1062 (9th Cir. 2005). When a party fails to provide the disclosures required by FRCP 26(a)(2) in accordance with the court's scheduling order, "[d]isruption to the schedule of the court and other parties in that manner is not harmless." *Id.* The initial date set for expert disclosures in the Court's Scheduling Order was extended by stipulation of the parties. (Dkt. No. 65.) Defendants failed to comply with this extended deadline, and waited until the time for rebuttal expert disclosures to designate Mr. Handelman. Defendants should not be allowed to deliberately ignore the Court's deadlines in this case without any consequences.

Defendants also have no justification – let alone "substantial justification" – for failing to timely disclose Mr. Handelman as one of their initial expert witnesses. The expert disclosure deadline was extended and stipulated to by the parties. The subject of Mr. Handelman's report, i.e., whether Just Goods had a bona fide intent to use – has been well-known to the parties since the inception of this case and in fact forms the bedrock of Defendants' counterclaims and affirmative defenses.

Mr. Handelman's report and related testimony should be excluded because it is untimely.

### C. Mr. Handelman's Report Improperly Provides an Opinion on an Ultimate Legal Issue in this Case

FRE 702 governs the admissibility of expert testimony. It permits a party to offer testimony by a "witness who is qualified as an expert by knowledge, skill, experience, training, or

education." FRE 702. This rule embodies a "relaxation of the usual requirement of firsthand knowledge," *Daubert v. Merrel Dow Pharm.*, 509 U.S. 579, 592 (1993), and requires that certain criteria be met before expert testimony is admissible. FRE 702 sets forth four elements, allowing such testimony only if:

    (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue;

    (b)    the testimony is based on sufficient facts or data;

    (c)    the testimony is the product of reliable principles and methods; and

    (d)    the expert has reliably applied the principles and methods to the facts of the case.

FRE 702. These criteria can be distilled to two overarching considerations: "reliability and relevance." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011). The ultimate question of admissibility is "whether this particular expert has sufficient specialized knowledge to assist the jurors 'in deciding the particular issues in the case.' *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999) (citing 4 J. McLaughlin, Weinstein's Federal Evidence ¶ 702.05[1], p. 702–33 (2d. ed. 1998)).

        The *reliability* prong requires the court to "act as a 'gatekeeper' to exclude junk science," and grants the court "broad latitude not only in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability." *Id.* (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 145 (1999)). Evidence should be excluded as unreliable if it "suffer[s] from serious methodological flaws." *Obrey v. Johnson*, 400 F.3d 691, 696 (9th Cir. 2005).

        The *relevance* prong looks to whether the evidence "fits" the issues to be decided: "scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes," and "[e]xpert testimony which does not relate to any issue in the case is not relevant." *Daubert*, 509 U.S. at 591. "Where an 'expert report' amounts to written advocacy ... akin to a supplemental brief, a motion to strike is appropriate because this evidence is not useful...." *Williams v. Lockheed Martin Corp.*, 2011 WL 2200631, at *15 (S.D. Cal. June 2, 2011) (citation

omitted).  Importantly, "an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law…; [i]nstructing the jury as to the applicable law is the distinct and exclusive province of the court."  *Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (citing *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (citation omitted)).  *See also United States v. Baca*, 610 F. Supp.2d 1203, 1220 (E.D. Cal. 2009) ("In her opinion, the roundhouse, built in 1974, was considered a cultural resource for § 2.1(a)(5) purposes.... This was an improper opinion, as no expert may offer an opinion which is a legal conclusion.... Whether the roundhouse was a cultural resource was a mixed question of fact and law," citing *Nationwide Transport*, 523 F.3d at 1058 ("[A]n expert witness cannot give an opinion as to her legal conclusion")); *Pinal Creek Group v. Newmont Mining Corp.*, 352 F.Supp.2d 1037, 1043 (D. Ariz. 2005) ("In addition to prohibiting legal expert testimony which defines the governing law, courts have also prohibited legal expert opinion which applies the law to the facts.  Many courts have held that the judge is the sole arbiter of the law and its application to the facts").

Finally, "evidence that merely tells the jury what result to reach is not sufficiently helpful to the trier of fact to be admissible."  *Fireman's Fund Ins. Cos. v. Alaskan Pride Partnership*, 106 F.3d 1465, 1468 n.3 (9th Cir. 1997) (*citing* FRE 701).

Here, Mr. Handelman's report should be excluded under the *relevance* prong.  The report begins with his analysis of the legislative history of the Lanham Act and substantive trademark law relating to whether an applicant has a bona fide intent to use when filing a trademark application.  Then the report recites the facts surrounding Just Goods' applications – as provided to Mr. Handelman by Defendants through deposition transcripts and certain documents produced or served by Just Goods.  The report then applies the proffered law to those facts in concluding that Just Goods did not have a bona fide intent to use the trademark JUST for all of the goods identified in its Class 29 and Class 30 applications when filed.  (Pietrini Decl., Ex. B, pp. 29-37.)  As such, Mr. Handelman's report amounts to improper written advocacy (or a supplemental brief) on the issue of whether Just Goods had a bona fide intent to use when its applications were filed.  Mr. Handelman's testimony improperly provides an opinion as to his legal conclusion on the issue of

Just Goods' bona fide intent to use.  This testimony does not assist the Court in determining whether Just Goods had a bona fide intent to use -- rather <u>it tells the Court (or the jury) what result to reach</u>.  This is not useful, and therefore not relevant.

Similarly, Mr. Handelman's testimony analyzing the legislative history of the Lanham Act and substantive trademark law relating to whether an applicant had a bona fide intent to use a trademark at the time of filing -- improperly usurps the Court's exclusive province of instructing the fact finder as to the applicable law.  Such testimony is not permitted and therefore not relevant. *American Cruise Lines, Inc. v. HMS Am. Queen Steamboat Co., LLC* is directly on point.  2017 WL 3528606 (D. Del. Aug. 16, 2017).  In *American Cruise Lines*, the court excluded PTO expert testimony on "substantive trademark law" that "impermissibly usurp[ed the court's] role, which is to instruct the jury on the law." *Id.* at \*6 (citing *Sam's Wines & Liquors, Inc. v. Wal-Mart Stores, Inc.*, 1994 WL 529331, at \*8-9 (N.D. Ill. Sept. 27, 1994) ("[C]ourts have rejected expert testimony by lawyer when the testimony is only intended to instruct as to the applicable trademark law.")).[5]  The same result should be reached here.

### III.  CONCLUSION

Based on the foregoing, Just Goods requests that the Court exclude and/or strike that portion of Mr. Handelman's report and the related testimony directed to the standard for determining an applicant's bona fide intent to use and his conclusions thereon.

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Dated:  May 17, 2019

By  /s/Bridget J. Russell
Jill M. Pietrini
Paul A. Bost
Benjamin O. Aigboboh
Bridget J. Russell

Attorneys for Plaintiff and Counter-Defendant
JUST GOODS, INC.

---

[5]  However, the court permitted expert PTO testimony that explained the policies and procedures of the PTO, of the type presented in Mr. Cislo's report. *Id.* (citing *Sam's Wines & Liquors, Inc.*, 1994 WL 529331 (stating "[c]ourts generally have admitted expert testimony from intellectual property lawyers in trademark cases" and allowing an expert to testify "about the technical aspects of applying for and obtaining a federal trademark registration")).