UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUST GOODS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>JUST, INC., et al.,<br><br>    Defendants. | Case No. 18-cv-02198-WHO<br><br>**THIRD ORDER ON PER DIEM SANCTIONS**<br><br>Re: Dkt. Nos. 237, 238 |

In response to my April 10, 2025, Further Order on the Per Diem Sanctions, Dkt. No. 234, parties filed statements concerning defendants' current state of compliance with the Term Sheet the parties agreed to almost six years ago. Eat Just Statement [Dkt. No. 237]; Just Goods, Inc. Statement [Dkt. No. 238]. They continue to disagree. Defendants contend that they have done everything "within their control" to achieve compliance—even going so far as to request that I order non-party Walmart.com to change the product listing on its website. Eat Just Statement 2–3. Just Goods, Inc. ("JGI"), on the other hand, explains not only that there is outstanding infringing activity defendants should have been able to resolve by now without blaming third parties, but also that defendants have engaged in *new* violations since my last Order issued. Just Goods, Inc. Statement 1–4.

Progress has generally been made since my first Order on the per diem sanctions. *See* Order on the Per Diem Sanctions ("February 25, 2025 Order"). But defendants are without a doubt in continued violation of the Term Sheet. I therefore continue to impose sanctions. In my discretion, I decrease the sanction amount to $15,000.00 per month starting from the last-sanctioned date of January 15, 2025, through the month of June 2025, totaling $82,500.00. For the same reasons explained in the February 25, 2025 Order, defendants are to equally split the sanction amount between the court and JGI. Defendants may pay the sanction award in three

1  installments: The first installment is due October 1, 2025; the second installment is due January 1,
2  2026, and the final installment is due April 1, 2026. It is my hope and expectation that defendants
3  will attain full compliance by October.

4  Additionally, JGI continues to spend attorney fees for the ongoing pursuit of defendants'
5  compliance for which it must be compensated. *See* Just Goods, Inc. Statement 6–7. I accounted
6  for some of the amount it now requests in my February 25, 2025 Order. *See* February 25, 2025
7  Order at 6 ("These additional attorney fees *were* "caused by [defendant's] violation of the consent
8  judgment" and are therefore appropriately awarded as compensatory sanctions." (*citing General
9  Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986))). I therefore exclude them
10 from the instant calculations. Defendants are ORDERED to reimburse JGI the remainder of its
11 outstanding attorney fees—totaling $40,182.00. Defendants shall pay JGI's attorney fees within
12 30 days of this Order.

13 Parties are also ORDERED to file another status update. Defendants shall file an update
14 on their compliance with the Term Sheet by October 15, 2025, including an update concerning the
15 new violations raised in JGI's June 26, 2025, statement. JGI may file a response by November 8,
16 2025.

17 This is now my third Order issuing sanctions to defendants in an effort to achieve
18 compliance with the parties' agreement. *See* Dkt. Nos. 228, 234. I do not expect there to be a
19 fourth.

20 **IT IS SO ORDERED.**

21 Dated: July 18, 2025

William H. Orrick
United States District Judge